**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Sebastian Craynon, | ) | No. CV 11-8081-PCT-JAT |
| Plaintiff, | ) ) | **ORDER** |
| vs. | ) ) | |
| CitiMortgage, Inc., | ) ) ) | |
| Defendant. | ) ) ) | |

On July 26, 2011, the Court issued the following order:

    Plaintiff filed a complaint that states, in total: "the Plaintiff, brings this action to this Court to grant Quite Title to Sebastian W. Craynon Secured Party pursuant to ARS 12-1101(a), ARS 12-1102 for Defendant CitiMortgage Inc. is not the creditor, real party in interest, or note holder. Plaintiff [sic] request for relief and damages for court cost [sic], reasonable attorney [sic] fees, Quiet Title, and damages in accordance with ARS 12-1103 and ARS 33-420." Doc. 1 at 1. Plaintiff signed this complaint on page 2. Plaintiff then attached 54 pages of additional pleadings. The one page complaint is insufficient to establish federal subject matter jurisdiction.

    Specifically, federal courts are courts of limited jurisdiction. As a result, they can hear only those cases that the Constitution and Congress have authorized them to adjudicate: namely, cases involving diversity of citizenship, a federal question, or cases to which the United States is a party. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The party asserting jurisdiction bears the burden of proving jurisdiction. *Id.* In this case, because Plaintiff filed this case in federal district court, he must show that the federal court is authorized to hear the case. And, as discussed above, the complaint fails to establish jurisdiction.

    Therefore,

    IT IS ORDERED that by August 12, 2011, Plaintiff shall file an amended complaint properly alleging federal subject matter jurisdiction, or this case will be dismissed without prejudice for lack of jurisdiction.

Doc. 9.

Plaintiff filed an amended complaint on August 11, 2011, alleging both federal question jurisdiction and diversity jurisdiction. Doc. 11. However, in his demand, Plaintiff seeks relief under only Arizona statutes. Thus, this Court does not have federal question jurisdiction. Further, with respect to diversity jurisidiction, Plaintiff fails to plead the citizenship of the corporate defendant. *See Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192; - - - U.S. - - - (2010) (discussing the citizenship of a corporation). As a result, Plaintiff still fails to plead federal subject matter jurisdiction.

Based on the foregoing, Plaintiff will be given one last opportunity to amend his complaint to fully allege federal subject matter jurisdiction. If the to-be-filed second amended complaint fails to allege jurisdiction, this case will be dismissed without Plaintiff being given any further opportunities to amend. Accordingly,

**IT IS ORDERED** that Plaintiff shall file a second amended complaint by September 9, 2011, properly alleging federal subject matter jurisdiction, or this case will be dismissed without prejudice.

DATED this 18th day of August, 2011.

James A. Teilborg
United States District Judge