1   WO

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                        FOR THE DISTRICT OF ARIZONA

8
    Sebastian W. Craynon,                    No. CV 11-8081-PCT-JAT
9
                        Plaintiff,           **ORDER**
10
    v.
11
    CitiMortgage Incorporated,
12
                        Defendant.
13

14        Pending before the Court are (1) Defendant's Motion to Remand to State Court

15   (Doc. 16), (2) Defendant's Motion to Dismiss Second Amended Complaint (Doc. 17), (3)

16   Plaintiff's Motion for Default Judgment (Doc. 19), (4) Defendant's Motion for Summary

17   Disposition (Doc. 21), and (5) Plaintiff's Motion for Evidentiary Hearing (Doc. 22). The

18   Court now rules on the Motions.

19   **I.    BACKGROUND**

20        On April 18, 2011, CitiMortgage, Inc. filed a forcible detainer action against

21   Harvey Holder and John Doe Occupant in Mohave County Superior Court. Plaintiff is

22   the occupant of the property that is the subject of that State Court action (the "Property").

23   On May 17, 2011, Plaintiff filed a "Notice of Change of Venue" in Mohave County

24   Superior Court. On May 19, 2011, Plaintiff filed a Complaint in this Court seeking quiet

25   title to the Property. Plaintiff did not file a Notice of Removal and this Court did not treat

26   Plaintiff's Complaint as a removal action from the Mohave County Superior Court. The

27   Mohave County Superior Court treated Plaintiff's Notice of Change of Venue and

28   Complaint filed in this Court as divesting it of jurisdiction and has stayed proceedings in

that Court pending a decision from this Court on Defendant's Motion to Remand. Plaintiff has amended his Complaint twice in this case. Defendant now seeks remand or dismissal of this case.

Plaintiff did not file a response to Defendant's Motion to Dismiss for lack of subject matter jurisdiction and/or for failure to state a claim upon which relief can be granted.[1] In response to Defendant's Motion to Remand, Plaintiff argues that Arizona Revised Statutes section 12-1177(A), regarding actions for forcible entry and detainer, is unconstitutional. However, Plaintiff did not make any such allegation in his Complaint, his First Amended Complaint, or his Second Amended Complaint.

Moreover, because Plaintiff clearly attempted to remove this action from Mohave County Superior Court and Mohave County Superior Court treated this as a removed action based on Plaintiff's representations to it, the Court will also treat this action as removed from Mohave County Superior Court and will thus analyze whether remand is appropriate in this removed action.[2]

---

[1] Plaintiff did file a Motion for Default Judgment on November 4, 2011. However, it does not appear that Defendant has ever been served in this case and Plaintiff has never filed any proof that Defendant has been served. Further, on October 13, 2011, Defendant specially appeared in this case and requested that the Court remand the action to Mohave County Superior Court. Accordingly, because Plaintiff has never filed a proof of service and because Defendant has appeared to defend itself in this case, Plaintiff is not entitled to Default Judgment.

On December 6, 2011, Plaintiff filed a "Motion for Evidentiary Hearing," which appears to the Court to be a request for oral argument on Defendant's Motion to Dismiss and Defendant's Motion to Remand. However, oral argument would not aid the Court's decisional process in deciding the motions pending before the Court. *See e.g., Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998); *Lake at Las Vegas Investors Group, Inc. v. Pac. Dev. Malibu Corp.*, 933 F.2d 724, 729 (9th Cir. 1991). Accordingly, Plaintiff's Motion for Evidentiary Hearing (Doc. 22) is denied.

[2] Plaintiff cannot have an action stayed in state court based on removal and then attempt to assert that it is not a removal action, but that it is a new action in this Court. The only reason the Clerk of this Court did not treat this as a removal action is because Plaintiff failed to properly demonstrate that this case was being removed to this Court. Accordingly, this Court must treat this as a removed action (as Plaintiff represented to the Mohave County Superior Court and attempted to represent in his Complaint filed with this Court). It would be entirely inequitable for this Court to treat this as a new action, only to leave Defendant's state court action languishing based on Plaintiff's failure to properly file the removal paperwork with this Court.

Defendant argues that this case should be remanded because Defendant's Complaint in state court solely alleged a forcible detainer action, which does not present a federal question and, thus, Plaintiff's only basis for removal could be diversity. Defendant further argues that this Court does not have diversity jurisdiction because Plaintiff cannot satisfy the amount in controversy requirement because actions for forcible detainer are actions only for the right of possession and, thus, there is no amount in controversy.

## II.    LEGAL STANDARD

A district court may exercise removal jurisdiction only if it would have original subject matter jurisdiction over the action as originally brought by the plaintiff.  28 U.S.C. § 1441(a).  A case is therefore removable if either diversity or federal question jurisdiction exists.  *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (citing 28 U.S.C. § 1441).   Because there is a strong presumption against removal jurisdiction, the removing party bears the burden of establishing that removal is proper and any doubt or ambiguity must be resolved in favor of remand.  *Id.*; *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992).  If at any time before final judgment it appears that the district court lacks subject matter jurisdiction over a case removed from state court, the case must be remanded.  28 U.S.C. § 1447(c).

District courts have diversity jurisdiction over civil actions between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs.  28 U.S.C. § 1332(a).

## III.    ANALYSIS

Here, because the sole issue in a forcible detainer action is the right of possession, not title, there is no amount in controversy in the absence of other relief sought.  *Federal Nat'l. Mortgage Ass'n v. Sandoval*, No. CV-10-0346-PHX, NVW, 2010 WL 1759353, at *1 (D. Ariz. April 30, 2010) (internal citation omitted); *see* Ariz. Rev. Stat. Ann. § 12-1177(A) ("On the trial of an action of forcible detainer, the *only issue* shall be the right of actual possession and the *merits of title shall not* be inquired into") (emphasis added).

1   Therefore, diversity jurisdiction does not exist in this case.

2           Further, to the extent that Plaintiff attempts to raise a "federal defense" by arguing,

3   in his Response to the Motion to Remand (although not alleged in Plaintiff's

4   "Complaint"), that Arizona Revised Statutes section 12-1177(A) is unconstitutional,

5   under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal

6   question is presented on the face of plaintiff's properly pleaded complaint." *Hunter*, 582

7   F.3d at 1042 (internal quotation and citation omitted).  Thus, federal jurisdiction cannot

8   be predicated on a defense, even if that defense is anticipated and is the "only question

9   truly at issue in the case." *Id.*   Accordingly, Plaintiff's attempt to establish federal

10  question jurisdiction fails and Plaintiff has not otherwise overcome the strong

11  presumption against removal jurisdiction.

12          **IV.    CONCLUSION**

13          Based on the foregoing, this Court lacks subject matter jurisdiction over this case.

14  Accordingly,

15          **IT IS ORDERED** that Defendant's Motion to Remand to State Court (Doc. 16) is

16  granted.

17          **IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss Second

18  Amended Complaint (Doc. 17) is denied as moot.

19          **IT IS FURTHER ORDERED** that Plaintiff's Motion for Default Judgment (Doc.

20  19) is denied.

21          **IT IS FURTHER ORDERED** that Defendant's Motion for Summary Disposition

22  (Doc. 21) is denied as moot.

23          **IT IS FURTHER ORDERED** that Plaintiff's Motion for Evidentiary Hearing

24  (Doc. 22) is denied.

25  ///

26  //

27  /

28

1       The Clerk of the Court shall cause a copy of this Order to be filed in Mohave

2  County Superior Court Case No. S-8015-CV201100616.   The Clerk of the Court shall

3  close this case.

4       Dated this 21st day of May, 2012.

James A. Teilborg
United States District Judge

- 5 -